*189 Kelly, J.
(dissenting). The majority holds that plaintiff presented insufficient evidence to support his claim under the Whistleblowers’ Protection Act (wpa), MCL 15.362. In my view, quite the contrary is true. Plaintiff presented entirely sufficient evidence to reach the jury on this claim. Therefore, I dissent.
I
When reviewing a ruling on a defendant’s motion for summary disposition, we must view the evidence in the light most favorable to the plaintiff, the non-moving party. Maiden v Rozwood, 461 Mich 109; 597 NW2d 817 (1999). The majority articulates, but neglects to follow, this mandate in ruling for defendant.
To satisfy the elements of his claim, plaintiff must present evidence that (1) he was engaged in protected activity as defined by the act, (2) he was discharged or discriminated against, and (3) a causal link exists between the protected activity and the discharge or adverse employment action. The majority concedes that plaintiff established the first two elements, but holds that he has not established the third, causation. Ante at 184.
One method of determining whether an element has been established is to ask if a party has raised a material question of fact about it. The majority acknowledges that “[a] genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.” Ante at 183, citing Shallal v Catholic Social Services of Wayne Co, 455 Mich 604, 609; 566 NW2d 571 *190 (1997); Quinto v Cross & Peters Co, 451 Mich 358, 369; 547 NW2d 314 (1996).
In this case, the record reveals several allegations from which, if they were to be proven, a factfinder could infer causation. First, defendant did not discharge plaintiff until after he “blew the whistle” by reporting the shoving incident to the police. Defendant premised plaintiff’s termination of employment on his time sheet problems. Plaintiff had a nearly perfect thirty-year employment history with defendant. However, during the year preceding the whistleblowing, defendant had grown concerned about plaintiff’s time sheet errors. Nonetheless it took no action. Then, after the whistleblowing, for the first time, defendant acted against plaintiff allegedly because of the time sheet problems. The lack of action preceding the police report supports an inference that the report caused the adverse employment actions taken afterward.
Second, plaintiff denied that the time sheet that led to his firing contained overtime that he did not work. If the trier of fact should find that plaintiff did work the two hours in question, it follows that plaintiff was wrongfully discharged. It could be validly inferred that the wrongful discharge constituted retaliatory action against plaintiff for his whistleblowing. Also, a wrongful discharge shows that there was not the legitimate, nondiscriminatory reason for firing plaintiff that defendant asserts existed.
II
The majority sidesteps the evidence that constitutes the issues of fact by construing the facts in the *191 light most favorable to defendant. Construing them correctly, in plaintiff’s favor, it becomes evident that a question of fact about causation exists in this case. Accordingly, I would affirm the unanimous decision of the Court of Appeals to reverse the summary disposition on the whistleblower count and remand the case to the trial court.
Cavanagh, J., concurred with Kelly, J.